## STOUT v. AMERICAN BUS LINES, Inc.

United States District Court
S. D. New York.

March 6, 1952.

Sylvester J. Garamella, New York City, Gustave G. Rosenberg, New York City, for plaintiff.

David Tepp, White Plains, N. Y., Thomas C. Cusack, New York City, for defendant.

McGOHEY, District Judge.

On the tenth of September, 1949, a passenger bus of the defendant, while pro-

ceeding on a scheduled trip along U. S. Highway 80 in New Mexico, went off the pavement onto the soft shoulder of the road and turned over onto its right side. The plaintiff, a paying passenger on the bus, sues for damages on account of injuries to the lumbar spine alleged to have been sustained in the accident which he says was due to negligent operation of the bus.

The plaintiff's claim of negligence rests on three propositions: (1) that the bus was traveling at excessive speed, (2) that it was in the middle of the pavement rather than to the right, (3) that the operator improperly applied the brake during the skid. On the disputed testimony I find that these propositions were not established. Hence negligence was not proved and judgment must be for the defendant.

The case was tried to the court alone. At its close I was strongly of the view that negligence by the defendant had not been established. Decision was reserved, however, for further consideration which I have now given to all the testimony on that point. This testimony came from four witnesses: the plaintiff, the bus operator, and a man and wife unconnected with either party, who were driving in their car a short distance behind the bus for some time prior to and at the time of the accident. The man and wife completely corroborated the operator in respect to what occurred outside the bus and the speed at which it was traveling. As to what occurred within, there is only the testimony of the plaintiff and the operator. The plaintiff, a taxi driver for several years before the accident, stated the speed was about sixty to sixty-five miles per hour. The operator said the bus was making only about forty-five miles per hour and was equipped with a governor which prevented a speed in excess of fifty-five miles per hour. The plaintiff claims that while the bus was skidding the operator applied his brake, thus contributing to the skid. This he says was the wrong thing to do. The operator, who had nine years' prior experience driving passenger buses, five in the employ of the defendant, denies using his brake. From observation of both these

men on the stand and in the light of the testimony, which I accept as true, of the man and wife in whom no interest or bias was shown, I accept the operator's testimony on these points in preference to the plaintiff's. The latter moreover produced no testimony to show that what the operator says he did was unsafe procedure under the circumstances here present.

Nineteen days after the trial had been completed plaintiff moved for an order reopening the trial for the purpose of offering in evidence a list of injured persons supplied by the New Mexico State Police. In view of my conclusion that no negligence has been proved I have denied the motion.

This proposed exhibit is said to contradict one offered during trial by the defendant which it was claimed would show that plaintiff's name was not listed at the hospital where he claimed to have been treated. However, the plaintiff's objection to the defendant's offer was sustained, and, although I saw the paper, I did not read its contents and hence could have given it no consideration.

In so far as the proffered exhibit would tend to corroborate the plaintiff's testimony that he was treated at the hospital it is unnecessary because I accept his testimony that he was.

### Findings of Fact

1. Plaintiff is a citizen of New York.

2. Defendant is a foreign corporation.

3. The amount in controversy exceeds $3,000.00.

4. On September 10, 1949, the plaintiff was a passenger for hire on a bus owned and controlled by the defendant and operated by its employee.

5. At about daybreak the bus was proceeding along U. S. Highway 80 in New Mexico at about forty-five miles per hour. This rate was not excessive.

6. The bus had a governor to prevent a speed in excess of fifty-five miles per hour.

7. The road was wet from a drizzling rain which had been falling for at least an hour before the accident.

996

8. The road was paved with a hard black substance the surface of which was rough.

9. The pavement was about twenty feet wide and flanked on each side with a soft earth shoulder. In places it had a center line dividing it into two lanes, one for each direction of travel.

10. The shoulders were muddy.

11. At the point where the accident occurred the road was straight and level. On the side of the road to the left of the bus there was a line of telegraph poles seven or eight feet high.

12. The operator was driving in the middle of his lane, so that the right wheels of the bus were about one to one and a half feet from the edge of the pavement.

13. The bus was seven feet wide.

14. Just before the accident he saw a dark-colored passenger car coming from the opposite direction in the lane on his left. It was then at least a quarter of a mile away. Its lights were extinguished.

15. As this car reached a point about seventy-five feet away it began to bear over to its left into the path of the bus. The driver of this car, who was alone, seemed to the operator of the bus to be dozing at the wheel.

16. The operator removed his foot from the accelerator and, in order to avoid a collision, steered to his right so that the right front and rear wheels of the bus were off the pavement and on the shoulder.

17. When the passenger car passed, he pressed the accelerator slightly to pull the bus out of the soft shoulder as he steered to the left to get the bus back on the pavement. The right front wheel came back onto the pavement but the rear wheel spun and slipped in the muddy shoulder. The front of the bus swung across the road at right angles to it causing the left rear wheel as well to go onto the shoulder. The bus was gradually losing speed, but the rear wheels eventually came back on to the pavement where the mud collected from the shoulder caused them to skid around so that the bus was headed opposite to its original direction and on the other side of the road. It went off the pavement there onto the soft shoulder on that side, struck and broke one of the telegraph poles, and then turned slowly onto its right side.

18. The operator did not apply his brake during the foregoing sequence of events.

Conclusions of Law

I. The Court has jurisdiction over the parties and the subject matter.

II. The plaintiff has failed to sustain his burden of proving defendant was negligent.

III. The complaint must be dismissed.